

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE CO., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06 C 2092 |
| WEBSOLV COMPUTING, INC., UDAY OM ALI PABRI, GUY BIBBS, | ) HONORABLE CHARLES R. NORGLE |
| Defendants. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court are the parties' cross motions for summary judgment. For the following reasons, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

**I. BACKGROUND**

**A. Facts**

This declaratory judgment action arises out of a lawsuit filed by Guy Bibbs ("Bibbs") against Defendant Websolv Computing, Inc. ("Websolv"), Uday Om Ali Pabri ("Pabri"), and John Does 1-10 in the Circuit Court of Cook County, Illinois. On February 21, 2004, Bibbs alleges that he received an unsolicited one-page fax advertisement from Websolv. Bibbs alleges that he had no prior relationship with the Defendants, and had not authorized the sending of this fax.

In response to this fax, on September 18, 2003, Bibbs filed a lawsuit in the Circuit Court

1

of Cook County, Illinois, against Websolv, Uday Om Ali Pabri ("Pabri"), and John Does 1-10, alleging that this fax was in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Websolv and Pabrai tendered their defenses in the state case to Auto-Owners Insurance Co. ("Auto-Owners"), who has agreed to defend both Websolv and Pabrai under a full reservation of rights.

The insurance policy Auto-Owners issued to Websolv contains several clauses relevant to this lawsuit. They are listed below:

> **SECTION 1- COVERAGES**
> **Coverage A. Bodily Injury and Property Damage Liability**
> **1. Insuring Agreement.**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.
> **Coverage B. Personal and Advertising Injury Liability**
> **1. Insuring Agreement.**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this coverage part applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result.
> **SECTION V- DEFINITIONS**
> 1. "Advertising injury" means injury arising out of one or more of the following offenses:
> b. Oral or written publication of material that violates a person's right of privacy.

**B. Procedural History**

On September 18, 2003, Bibbs filed his state action in the Circuit Court of Cook County, Illinois. Then, on April 13, 2006, Auto-Owners filed this Declaratory Judgment case in the Northern District of Illinois, requesting this court find that Auto-Owners has no duty to defend

2

Websolv in the underlying state court case. On October 23, 2006, Auto-Owners filed its Motion for Summary Judgment. On February 28, 2007, Bibbs filed his cross-motion for summary judgment, as well as his Response to Auto-Owner's motion. Then, on April 9, 2007, Auto-Owners filed its Reply to its motion for summary judgment, and its Response to Bibb's motion. Bibbs filed his Reply on April 23, 2007. The cross-motions for summary judgment are fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Szymanski v. Rite-Way Lawn Maintenance Co., 231 F.3d 360, 364 (7th Cir. 2000); see also Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See FED. R. CIV. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold,

Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the non-moving party. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the non-moving party's favor must be drawn from specific facts identified in the record that support that party's position. See Szymanski, 231 F.3d at 364. Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d. 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

## B. Duty of Insured to Defend under Illinois Law

### 1. *The American States case*

In January 2005, the Seventh Circuit issued its decision in American States Insurance Co. v. Capital Associates, Inc., 392 F.3d 939 (7th Cir. 2005). There, Defendant Capital Associates, Inc. ("Capital") sent an unsolicited advertisement via fax to JC Hauling Company ("JC"). As a result, JC field a class action complaint in the Illinois State Court, alleging that the fax sent by Capital violated the TCPA. Capital tendered the defense to American States Insurance Co. ("American States"), which had issued an insurance policy covering, among other things, "advertising injury." Under the insurance policy, "advertising injury" includes "oral or written publication of material that violates a person's right of privacy."

4

American States filed a federal suit seeking a declaratory judgment that the insurance policy does not call for either defense or indemnity. Specifically, American States alleged that the transmission of unsolicited faxes does not cause "advertising injury." See id., at 940. The District Court held that an unsolicited fax invades the recipient's "privacy" and that American States must defend Capital. Id.

The Seventh Circuit reversed, relying on both Illinois law and Seventh Circuit precedence, and held that "an advertising-injury clause of the kind in American States' policy does not cover the normal consequences of junk advertising faxes." Id. at 943. The court found that the question at hand was "not how the word 'privacy' was used in the debates that led to § 227(b)(1)(C), or in its implementing regulations, but what the word means in the insurance policy." American States, 392 F.3d at 942. The court found that "the structure of the policy strongly implies that coverage is limited to secrecy interests." Id. The court went on to say that " § 227(b)(1)(C) condemns a particular means of communicating an advertisement, rather than the contents of that advertisement-while an advertising-injury coverage deals with informational content." Id. The court also pointed out that they did not cite "any Illinois cases interpreting the scope of 'privacy' coverage under an advertising-injury clause . . . because Illinois has not issued any pertinent decision at any level (trial or appellate)." Id. At the time the Seventh Circuit issued its opinion in American States, the Illinois Supreme Court did rule on the issue of whether an insurer must defend an insured in a TCPA claim pursuant to an "advertising injury" clause in an insurance policy. However, as explained below, the current law in Illinois now requires insurers to defend an insured under such a policy. The Seventh Circuit did not have the benefit of the Illinois Supreme Court case at the time it ruled in American States.

### *2. The Illinois Supreme Court's decision in <u>Valley Forge</u>*

Almost two years after the Seventh Circuit issued <u>American States</u>, the Illinois Supreme Court issued its decision in <u>Valley Forge Ins. Co. v. Swiderski Electronics, Inc.</u>, 223 Ill.2d 352 (Ill. 2006). In that case, Defendant Swiderski Electronics, Inc. ("Swiderski") sent Ernie Rizzo, a private investigator and owner of Illinois Special Investigations, a fax advertisement in regards to the sale, rental, and service of various types of electronic equipment. Shortly thereafter, Rizzo filed a complaint in the circuit court of McHenry County, Illinois, alleging that Swiderski violated the TCPA when it faxed Rizzo unsolicited advertisements.

Swiderski tendered the defenses of Rizzo's lawsuit to its insurer, Valley Forge Insurance Company ("Valley Forge"). Pursuant to the terms of the insurance policy, Valley Forge had a duty to defend Swiderski against any suit that sought damages caused by "personal and advertising injury." The insurance policy provided that "personal and advertising injury" included injury that "arises out of one or more of the following offenses: . . . [O]ral or written publication, in any manner, of material that violates a person's right to privacy." <u>Valley Forge Ins. Co.</u>, 223 Ill.2d at 356. The trial court entered judgment in favor of Swiderski, and the appellate court affirmed. Specifically, the court found that, according to Illinois' rules of insurance-policy construction, that the "insurers owed Swiderski a duty to defend pursuant to the 'advertising injury' provision of the policy." <u>Id.</u>

The Illinois Supreme Court affirmed, and found that "based on the plain, ordinary, and popular meaning of the words [advertising injury], we believe this type of injury falls potentially within the coverage of the policies' "advertising injury" provision." <u>Id.</u> at 367. The court went on to say that the "policies do not define the terms 'publication,' 'material,' or 'right of privacy,'

6

which is why we must afford them their plain, ordinary, and popular meanings." Id. Additionally, the court found that "the language of the 'advertising injury' provision is sufficiently broad to encompass the conduct alleged in the complaint." Id. The court felt that to "adopt the insurer's proposed interpretation of [the policy], i.e., that it is only applicable where the content of the published materials reveals private information . . . would require [the court] to rewrite the phrase "material that violates a person's right to privacy" to read 'material *the content of which* violates a person *other than the recipient's* right of privacy.'" Id.

### C. This Court Must Follow Illinois Law

It is well established that a federal court sitting in diversity "applies the substantive law of the sate in which the district resides." River East Plaza, L.L.C. v. The Variable Annuity Life Ins. Co., -- F.3d --, 2007 WL 2377383, *2 (7th Cir. Aug. 22, 2007) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Therefore, because the Illinois Supreme Court has ruled that an insurer has a duty to defend the insured in a TCPA case, under the "advertisement injury" clause in an insurance policy, Auto-Owners must defend Websolv in the underlying state case. It is this court's duty "to apply state substantive law, as we believe the highest court of the state would apply it." Pisciotta v. Old Nat'l Bancorp, -- F.3d --, 2007 WL 2389770, *4 (7th Cir. Aug. 23, 2007).

Furthermore, the court notes that the parties have previously agreed that Iowa law controls this issue. However, neither party has briefed the issue as to how the Iowa Supreme Court would rule on the issue of an insurer's duty to defend in a TCPA case under an "advertising injury" clause. Nor has either party shown that Iowa law could differ from Illinois law on this issue. When neither party "challenges . . . the choice of law" the court will "apply the

7

law of the forum state." Employers Mut. Cas. Co. v. Skoutaris, 453 F.3d 915, 923 (7th Cir. 2006). Therefore, under Erie, the court will follow the established law in Illinois in regards to "advertising injury" clauses in insurance policies, as laid out in Valley Forge.

As a result, because the Illinois Supreme Court has held that an insurer has a duty to defend the insured in a TCPA case under an "advertising injury" clause, no reasonable jury could find for Auto-Owners in this declaratory judgment action. Therefore, summary judgment must be granted in favor of Websolv.

## III. CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

ENTER:

_____
CHARLES R. NORGLE, Judge
United States District Court

DATED: 8/3/07